UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CECELEE A. RODRIGUEZ,**

   **Plaintiff,**

v.               Case No: 6:16-cv-2110-Orl-28DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

  Cecelee A. Rodriguez (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security terminating her disability insurance benefits. Doc. 1; R. 1-6. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to apply the correct legal standards when finding that medical improvement occurred as of April 3, 2014; and 2) failing to apply the correct legal standards to Claimant's testimony. Doc. 18. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

### I. THE ALJ'S DECISION

  On July 9, 2003, the Commissioner found that Claimant was disabled. R. 13. On March 16, 2012, the Commissioner determined that Claimant's disability continued. R. 13. Approximately two years later, upon periodic review, the Commissioner determined that Claimant was no longer disabled as of April 3, 2014. R. 13. After this determination was upheld upon reconsideration, Claimant timely filed a written request for a hearing before an ALJ. R. 13.

The ALJ issued his decision on May 22, 2015. R. 13-31. In his decision, the ALJ found that Claimant had the following medically determinable impairments: systemic lupus erythematosus (SLE), rheumatoid arthritis, hyperthyroidism, and chronic kidney disease – stage one. R. 16. The ALJ then found that medical improvement had occurred as of April 3, 2014, and that Claimant's medical improvement was related to her ability to work. R. 16-17. Specifically, the ALJ found that medical improvement had occurred due to the existence of a medical progress note in which it was recorded that Claimant's lupus had been in remission for "the last couple of years." R. 16. The ALJ also stated that he did not consider the limiting effects of impairments that developed after the comparison point decision (CPD).[1] R. 16. The ALJ provided no further basis for his finding that Claimant had medically improved. R. 16.

The ALJ then found that Claimant had a residual functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[2] R. 17. Specifically, the ALJ found as follows:

> Beginning on April 3, 2014, . . . claimant has had the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and carry and push and pull twenty pounds occasionally and ten pounds frequently. The claimant can stand and/or walk six hours total in an eight hour workday with normal breaks. The claimant can sit for six hours total in an eight hour workday. The claimant can occasionally climb ramps and stairs, balance, and stoop. The claimant cannot work in proximity to

---

[1] The CPD is the most recent favorable decision finding that Claimant was disabled. R. 15. In this case, the CPD was the decision dated March 16, 2012. R. 15, 114-25.

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

> moving machinery, mechanical parts or in high, exposed places. The claimant can never climb ladders, ropes, or scaffolds and can never kneel, crouch or crawl.

*Id.* The ALJ posed a hypothetical question to the vocational expert (VE) that was largely consistent with the foregoing RFC determination,[3] and the VE testified that Claimant was capable of performing jobs in the national economy. R. 65-66. The ALJ also asked the VE if Claimant would be capable of performing jobs in the national economy if Claimant was restricted to sedentary work[4] instead of light work. R. 66-67. The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 23-24. Therefore, the ALJ found that Claimant was no longer disabled as of April 3, 2014. R. 24.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is

---

[3] The undersigned notes that the ALJ's hypothetical asked the VE to assume that Claimant could not work in "unexposed" places. R. 65-66.

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

### A. Failure to Apply the Correct Legal Standards When Finding That Medical Improvement Occurred as of April 3, 2014

Pursuant to 20 C.F.R. § 404.1594, the Commissioner will periodically review a claimant's entitlement to benefits to determine whether the claimant's disability has ended. 20 C.F.R. § 404.1594(a); *see also* 20 C.F.R. § 416.994(a). When making this determination, the ALJ must follow an eight-step sequential inquiry to determine: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments that meets or equals one listed in the Regulations; (3) whether there has been medical improvement;[5] (4) whether such medical improvement is related to the claimant's ability to do work; (5) whether any exceptions apply to the requirement that there has been "medical

---

[5] "Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1); *see also* 20 C.F.R. § 416.994(b)(1)(i).

improvement" related to the claimant's ability to do work; (6) whether the claimant's current combination of impairments are severe; (7) whether the claimant can perform past relevant work; and (8) whether the claimant can perform other work that exists in the national economy. 20 C.F.R. § 404.1594(f); *see also, e.g.*, 20 C.F.R. § 416.994(b)(5); *Senior v. Colvin*, 3:12-cv-589-J-12-JRK, 2013 WL 4781044, at *3 (M.D. Fla. Sept. 6, 2013). "[T]he burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [claimant] had experienced 'medical improvement.'" *Olivo v. Colvin*, 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017) (citations omitted), report and recommendation adopted, 2017 WL 700367 (M.D. Fla. Feb. 22, 2017).

Here, Claimant takes issue with the ALJ's determination at steps three and four – that Claimant has experienced medical improvement related to her ability to do work. Doc. 18 at 8-11. Specifically, Claimant argues that the ALJ's finding that medical improvement occurred as of April 3, 2014 was not based on the correct legal standards because the ALJ failed to compare the prior medical evidence against the current medical evidence. *Id*. Claimant asks the Court to remand the case for further proceedings. *Id*. at 18.

The Commissioner argues that, because lupus was the only severe impairment Claimant was previously found to have, a medical progress note[6] in which it was recorded that Claimant's lupus had been in remission for "the last couple of years" was a sufficient basis for the ALJ's decision that medical improvement had occurred.[7] *Id*. at 11-12. The Commissioner further argued that Claimant failed to demonstrate that the prior medical evidence would have shown that her

---

[6] The progress note was made by Darleen Ng-Perez, P.A.-C., and signed by Jorge Larranaga, M.D.

[7] Specifically, in the CPD, Claimant was found to have the following severe impairment: SLE with joint and kidney involvement. R. 117.

medical condition was not improving over time, and thus, that any failure to compare the prior medical evidence to the current medical evidence was harmless. *Id*

In the Eleventh Circuit, unless an exception applies, "there can be no termination of benefits unless there is substantial evidence of [medical] improvement to the point of no disability." *See McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam); *see also* 20 C.F.R. §§ 404.1594(a), 416.994(b). The Eleventh Circuit "has held that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement." *Id*. (citing *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984) ("Without such a comparison, no adequate finding of *improvement* could be rendered.") (per curiam) (emphasis in original)); *see also Klaes v. Comm'r Soc. Sec.*, 499 F. App'x 895, 896 (11th Cir. 2012) ("[W]hether medical severity has decreased 'is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s).'") (per curiam) (quoting 20 C.F.R. § 404.1594(c)(1)). [8] "The ALJ must 'actually compare' the previous and current medical evidence to show that an improvement occurred. . . . If the ALJ fails to evaluate the prior medical evidence and make such a comparison, we must 'reverse and remand for application of the proper legal standard.'" *Klaes*, 499 F. App'x at 896 (citing *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984) (per curiam) and *Vaughn*, 727 F.2d at 1043).

Here, the ALJ failed to compare the prior medical evidence to the current medical evidence. R. 13-31. As a result, it appears that the ALJ – in addition to not properly considering whether Claimant's lupus had improved – may not have properly considered Claimant's other past

---

[8] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

impairments when determining whether medical improvement had occurred following the CPD.[9] Instead, the ALJ analyzed the current medical evidence without regard to the prior medical evidence to determine whether medical improvement had occurred since the CPD. R. 16. As such, the ALJ failed to apply the correct legal standard when determining whether Claimant had experienced medical improvement.

The Commissioner's argument that the ALJ properly found that medical improvement had occurred because Claimant's lupus was purportedly in remission is without merit. The ALJ was required to show that there had been changes in the symptoms, signs, or laboratory findings associated with Claimant's impairment. *See Klaes*, 499 F. App'x at 896. But the ALJ did not do so. A conclusory statement that Claimant's lupus was "in remission" provides little insight into how Claimant's symptoms, signs, and laboratory findings may have changed.

Moreover, the statement relied on by the ALJ does not appear to demonstrate any change in Claimant's condition. Although the record containing the statement relied on by the ALJ was dated October 1, 2014 (R. 584) – thus suggesting that Claimant's lupus had been in remission since approximately October 2012, about seven months after the date of the CPD[10] – a record from the same provider dated October 3, 2012 (R. 416) contained the exact same language regarding Claimant's lupus – that it had "been in remission for the last couple of years" – thus suggesting

---

[9] In his decision, the ALJ expressly stated that he did not consider the limiting effects of Claimant's impairments that developed after the CPD when determining whether medical improvement had occurred. But it is not clear to the undersigned how the ALJ could have known which of Claimant's impairments did not develop until after the CPD without having reviewed the prior medical evidence. The CPD offers nothing but a short discussion – less than two pages – of Claimant's medical issues, and seems to suggest that Claimant did in fact suffer from some additional impairments at the time of the CPD that the ALJ failed to consider when determining whether medical improvement had occurred. *See* R. 117-19

[10] The CPD was dated March 16, 2012. R. 114-25.

that Claimant's lupus had been in remission since approximately October 2010, well before the date of the CPD. As such, the statement relied on by the ALJ does not provide substantial evidence that Claimant's condition had improved following the CPD. To the contrary, the statement appears to show that Claimant's lupus was in remission both before and after the CPD, and thus, that Claimant's condition had not changed.

The Commissioner's argument that the ALJ's error was harmless because Claimant failed to demonstrate that the prior medical evidence would have shown that her medical condition was not improving over time is also without merit. As previously explained, it was the Commissioner's burden to prove that claimant was no longer disabled as of the cessation date. *See Olivo*, 2017 WL 708743, at *2, report and recommendation adopted, 2017 WL 700367. But the Commissioner failed to carry that burden. Moreover, the undersigned declines to find that the error was harmless because to do so here would necessarily require the undersigned to reweigh the evidence. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted). Even if the undersigned were to attempt to reweigh the evidence, with the exception of a handful of documents, the record does not contain any prior medical evidence for the undersigned to consider.

Accordingly, it is **RECOMMENDED** that the Court accept Claimant's assignment of error regarding whether Claimant had experienced medical improvement since the date of the CPD. This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir.

2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

Usually, in issuing a report recommending reversal and remand of the Commissioner's decision in a Social Security appeal such as this, the undersigned would nonetheless go on to address the claimant's second assignment of error so that, if the Court rejects the recommendation as to the first assignment of error, the Court may nonetheless resolve the entirety of the appeal. However, here, the undersigned recommends reversal based upon a failure of the ALJ to conduct the necessary comparison to prior medical records. If the recommendation is accepted, and this case remanded, the ALJ's review of those prior medical records may certainly impact, and cause the ALJ to reconsider, the credibility determination that is at issue in Claimant's second assignment of error – i.e., that Claimant's testimony was inconsistent with the medical evidence of record. Thus, at this juncture, the undersigned finds it may be imprudent to opine unnecessarily on the ALJ's credibility determination. That said, if the Court rejects this Report and Recommendation (or otherwise would like the undersigned to address the second assignment of error), the undersigned respectfully requests that the Court return this matter to the undersigned with instructions to issue a report and recommendation as to Claimant's second assignment of error, which would allow the undersigned promptly to issue a recommendation as to Claimant's second assignment of error. *See* Fed. R. Civ. P. 72(b)(3).

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings; and

2. The Clerk of Court be directed to enter judgment in favor of Claimant and against the Commissioner, and close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy